Caruthers, J.,
delivered the opinion of the Court.
This is a damage warrant for throwing down the fence of plaintiff. The plaintiff failed before the magistrate and the Circuit Court. The fact charged is admitted, but the defence is, that the plaintiff had erected a fence across a public road, and that any one had a right to remove the nuisance. This is all very clear, but the difficulty arises upon the act of Assembly of 1855-6, ch. 155. It is a very singular act, both in its objects and structure. As it is a new act, and may be much acted upon in the country, we embrace the first opportunity to give it the best construction we can, so that the people may regulate their conduct by a certain rule, and know what their rights are in the premises.
The act of 1804, ch. 1, § 18, forbids any one to “turn, alter, or change any public road” but upon an order of Court, founded on the report of a jury, under a penalty of five dollars per month. Car. & N., 681. The act of 1855-6, ch. 155, § 1, provides, “that [the section referred to] be so amended that where any person” has or may “ change or turn a road, and the overseer and a majority of the hands” of the old road “shall accept the same, and it being made appear that the new road is put upon ground compatible with the interest of the travelling community, the fine so imposed in said act, which this is intended to amend, shall not be enforced.” The second section of this act prohibits any such change of the road *449 upon the land of another without consent, or by order of Court upon report of jury of view.
It is very ingeniously and plausibly argued that it was the intention of the late act to allow a change of road under the conditions set forth, which would operate as a discontinuance of the old road, and authorize it to be stopped up by the owner of the land. If this construction be correct, the defendant would of course be a trespasser, and liable for damages. But we cannot concur in it. It was not surely intended that a road regularly established by the proper authorities should be discontinued at the mere will of the landowners over which it might pass, upon such easy conditions as the consent of the overseer and majority of the hands. This would produce great confusion and uncertainty, and in a few years no one would know where he might travel or when he would be a trespasser on the land of another. Half a dozen changes of a road might take place in' one year, and the record evidence of the tract of a public thoroughfare be of no avail in ascertaining its locality. Resort would have to be had, in holding overseers accountable for neglecting their duty in keeping roads in repair, to the memory of men and the trial of the facts as to the concurrence of the overseer and a majority of the hands in the change of his road. Such consequences as these were surely not intended by the Legislature.
The fair and proper construction of the act is, that where a new road is opened and concurred in, as provided, on a man’s own land, and he should thereupon obstruct the true road, the severe penalty prescribed by the old. act should not be inflicted. But this does not save him from other liabilities for the nuisance. Before a road *450 legally established for .the use of the public upon the records of the Court can be discontinued or obstructed, the sanction of the same tribunal must be obtained, until the Legislature prescribe some other mode more explicitly.
So the judgment is affirmed.